IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Keith E. Gunther, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00997 |
| v. | : | Judge Economus |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |
| | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Keith E. Gunther, an inmate at the Marion Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1]The full text of §1915A reads:

>    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>    (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges disparate claims arising over the course of three years against a number of defendants at several prisons and prison medical facilities. As background information, the complaint alleges that plaintiff Keith Gunther has low back pain radiating across his lower back and left leg. Surgery in 2003 was unsuccessful. He also has a history of paranoia and schizophrenia. At the Lorain and Marion correctional facilities, Gunther asked for mental health care because he heard voices and was depressed. He did not receive mental health care. He did see a neurologist and was given Ultrium, Flexeril and Neurontin. There is no allegation in the complaint that any of the named defendants denied him mental health care. ¶¶ 1-9.

In December 2008, Gunther fell on ice in the prison yard and broke his arm. He was taken to the OSU Hospital Medical Center. The orthopedic doctor was on vacation,

---

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

2

and Gunther's arm was braced and put in a sling. ¶¶ 10-13A. On January 8, 2009, an orthopedic doctor examined Gunther. ¶ 16. On January 9, 2009, plaintiff was released from CMC and taken back to the Lorain Correctional Facility. ¶ 18. Plaintiff believed his low back pain and broken arm pain required more pain medication than his doctors prescribed. ¶¶ 22, 26 and 27. Gunther did not have surgery on his arm until September 29, 2009. ¶ 57.

Claims pleaded against individual defendants. There are no allegations in the complaint that defendants Dr. Mosher or Dr. Krisko took any action to deny plaintiff Gunther a constitutional right. The allegations against the remaining defendants will be briefly summarized below.

Ed Castineda. When Gunther came to P-1 Medical, Castineda told him he would use the bathroom first, then get in the shower. Complaint, ¶ 69. Sometime in August 2010, Castineda let nurses convince him plaintiff should shower in the dorm, then go to P-1 Medical. ¶ 72.

Dr. Ojukwü. On January 12, 2009, Dr. Ojukwü examined Gunther when he was returned to the Lorain Correctional Institution. He continued plaintiff on Ultrim, Flexeril and Neurontin, but he did not increase his pain medication as Gunther would have liked. ¶¶ 19-20.

Nurse Linda Burtox. Nurse Burtox told Gunther he was in the shower too long. Plaintiff believes she was harassing him. ¶ 65.

Nurse Slown. Nurse Burtox got Nurse Slow to harass plaintiff. ¶ 67.

Corrections Officers Jerald Raypole and Ricky Reed. They temporarily detained plaintiff when they saw him without his arm in a sling. They also searched inside his sling many times. Gunther believed they were unprofessional. ¶ 61.

Mrs. Tukaris. On an unspecified date, Mrs. Tukaris told plaintiff that he would remain in hospital to avoid other inmates bumping into his broken arm. ¶ 33.

Corrections Officer Titler. On August 19, 2010, Titler, who never liked Gunther, told him to put his hands on the wall because he had shown his P-1 pass to another corrections officer and not to him. Titler handcuffed Gunther because plaintiff said he was going to "get him." Plaintiff was taken to disciplinary control, where he remained for 11 days. The rules infraction board did not believe Gunther had threatened or disrespected Titler, although the Warden ultimately found him guilty of disrespect. ¶¶ 72 and 73.

Corrections Officer Lucal. On March 6, 2009. Lucal "put his finger in my face very close and I felt threatened. He told me I was to do as I was told . . . ." He grabbed Gunther's broken arm to pull the pants from under his arm. ¶¶ 36-38.

Corrections Officers Dotson and Collier. They made fun of how long it took plaintiff to change clothes to go to a doctor's appointment. They told him he only wanted attention, and they were not going to give it. ¶ 34.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, § 1983 claims subject to a motion to dismiss based on qualified immunity "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

<u>Cruel and Unusual Punishment</u>. The Eighth Amendment prohibits prison employees from subjecting prisoners to the "'unnecessary and wanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). There is both an objective and subjective component to an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991); *Talal*, 403 F.3d at 426; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). The objective component requires that the pain be "sufficiently serious." *Wilson*, 501 U.S. at 298; Talal, 403 F.3d at 426. The conduct must be contrary to "'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8(1992)(quoting *Estelle*, 429 U.S. at 103).

To satisfy the subjective component, a plaintiff must demonstrate that the prison officials had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. A "suffic-

5

iently culpable state of mind" is one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *accord Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006); *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003). A prison official can be liable if he "disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *accord Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). Negligence is insufficient to establish the subjective component of an Eighth Amendment claim. *Farmer*, 511 U.S. at 835-40; *Brooks*, 39 F.3d at 128-29; *see also Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (prison health specialist was guilty of negligence at most for her misdiagnosis and treatment of inmate, as the evidence did not show that she was both aware of facts from which an inference could be drawn that a substantial risk of serious harm to the inmate existed and that she did in fact draw that inference).

    Here, assuming the truth of the allegations in the complaint, plaintiff does not plead any facts from which a reasonable juror could find that any defendant intentionally subjected him to cruel and unusual punishment. There is no allegation the medical providers knew of a serious medical need and intentionally decided not to treat it. Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

6

draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. At most, the complaint alleges that plaintiff disagreed with some medical decision made by treators, but mere disagreement with the medical decision of a treator is not actionable. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

The claims pleaded against corrections officers do not allege brutality intentionally causing physical injury. See, 42 U.S.C. § 1997e. Most involve a corrections officer using language that Gunther found offensive. Intentionally insulting language is not actionable under the Eighth Amendment. *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987); *Roden v. Sowders,* 2003 WL 40063 (6th Cir. 2003).

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court,

specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge