# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KEITH E. GUNTHER,**

        **Plaintiff,**

   **v.**

**ED CASTINETA,** *et al.*

        **Defendants.**

**Case No. 2:10-cv-997**

**Judge Peter C. Economus**

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Keith E. Gunther, an inmate at the Marion Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff Gunther's January 13, 2011 objections to Magistrate Judge Abel's December 1, 2010 Initial Screening Report and Recommendation recommending that Plaintiff's complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983.[1]

    Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Initial Screening Report and Recommendation and **DISMISSES** the complaint.

---

[1] Several other motions are also pending before the Court: Plaintiff's December 7, 2010 motion to add defendants and to appoint counsel (Dkt. 6); his December 7, 2010 motion to amend the complaint (Dkt. 7); and his February 11, 2011 motion for a protective order and motion to amend complaint to additional defendants (Dkt. 11). Plaintiff's motions are **DENIED**. The Magistrate Judge screened this case pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b), which requires that the Court review prisoners' complaints and determine if they are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. The Magistrate Judge concluded here that Plaintiff had failed to state a claim upon which relief may be granted, and that the complaint should therefore be dismissed. (*See* Dkt. 5.) Under Sixth Circuit law, a district court may not permit plaintiffs to amend a complaint to avoid dismissal under 28 U.S.C. § 1915(e)(2). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)); *see also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, the Court cannot grant Plaintiff's motions for leave to amend his complaint.

**I.      Plaintiff's Allegations**

Plaintiff alleges the following in his complaint and objections. On February 8, 2011, he had an intake appointment with Dr. Ojubwii, the lead doctor at Lorain Correctional Institute ("Lorain"), at which Plaintiff complained that his spinal problems caused him such severe pain that he was unable to put pressure on his legs. Although Plaintiff's doctor outside the correctional facility wrote to Lorain to inform the medical staff of Plaintiff's medical needs, Dr. Ojubwii allegedly failed to adequately prescribe medications for pain relief or for Plaintiff's mental health issues.

On December 21, 2008, Plaintiff fell and broke his humerus, causing significant pain for which Dr. Ojubwii allegedly failed to provide Plaintiff with sufficient medication. After he broke his arm, Plaintiff was taken to Elyria Medical Center for tests and x-rays. The doctor recommended that Plaintiff undergo surgery immediately, and Plaintiff was moved to the Ohio State University Medical Center. Because Dr. Granger, the head of orthopedics, was on vacation and unavailable to approve surgery, Plaintiff's arm was placed in a brace, then a cast, and then back in a brace. Plaintiff underwent surgery on September 29, 2009 and again on December 7, 2010; he contends that the need for a second surgery is evidence of Defendants' deliberate indifference. When Plaintiff saw Dr. Granger on January 8, 2009, he told Plaintiff that he would have to wear a brace and that his bone would fuse back together. Plaintiff was given no pain medications.

Plaintiff was allegedly assaulted on May 24, 2009 and December 22, 2009, and he was told that the prison did not have records pertaining to his spinal problems, leading him to believe that his healthcare records were misplaced or altered.

On January 17, 2009, due to unsafe conditions, Plaintiff fell on ice on the way to "pill call."

On March 7, 2009, he was forced to wait outside when it was -8 degrees without his hat or coat. When he arrived at the destination, he was placed in a holding cell by Collier and Dotson. When he went to the "shake down room," Officer Lucal stuck his finger in Plaintiff's face, and when Plaintiff asked to speak with the captain, Officer Lucal grabbed his injured arm and tried to force it behind his back.

Plaintiff alleges that Officer Raypole asked him to remove his brace so that he could look inside it even though he knew Plaintiff needed help getting the brace back on. Ricky Reed asked the medical staff whether Plaintiff had an order to wear the sling and brace and placed Plaintiff in a holding cell for 1½ to 2 hours when he asked to see the captain.

Nurse Giardina, who crushed Plaintiff's pills due to his broken jaw, continued to crush his pills after his jaw had healed, making him ill.

Plaintiff complained of a lengthy wait to take a shower, and that he did not have enough time to use the shower because he could use only one arm.

Finally, Plaintiff alleges that, on June 10, 2010 the orthopedic doctor discovered that the screws in Plaintiff's arm had broken off. Soft cuffs were supposed to be used on Plaintiff so that his arm was not twisted, but Officer Titler told him that there was no order for soft cuffs. Instead, Officer Titler used painful hard cuffs until Plaintiff learned how to file a complaint, and when Plaintiff returned to the prison, Officer Titler put him in segregation.

**II.     Discussion**

Rule 8(a) of the Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Supreme Court has held that "Rule 8(a)(2) requires only 'a

short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only ''give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.''" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957))). Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).

As the Magistrate Judge correctly stated, the Eighth Amendment prohibits prison employees from subjecting prisoners to the "'unnecessary and wanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). There are objective and subjective components to an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297–300 (1991); *Talal*, 403 F.3d at 426; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). The objective component requires that the pain be "sufficiently serious." *Wilson*, 501 U.S. at 298; *Talal*, 403 F.3d at 426. The conduct must be contrary to "'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle*, 429 U.S. at 103).

To satisfy the subjective component, a Plaintiff must demonstrate that the prison officials had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. A "sufficiently culpable state of mind" is one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at

4

837; *accord Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006); *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003).  A prison official can be liable if he "disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847; *accord Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).  Negligence is insufficient to establish the subjective component of an Eighth Amendment claim.  *Farmer*, 511 U.S. at 835–40; *Brooks*, 39 F.3d at 128–29; *see also Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995) (prison health specialist was guilty of negligence at most for her misdiagnosis and treatment of inmate, as the evidence did not show that she was both aware of facts from which an inference could be drawn that a substantial risk of serious harm to the inmate existed and that she did in fact draw that inference).

The Magistrate Judge correctly concluded that, assuming the truth of the allegations in the complaint, Plaintiff does not plead any facts from which a reasonable juror could find that any defendant intentionally subjected him to cruel and unusual punishment.  There is no allegation the medical providers knew of a serious medical need and intentionally decided not to treat it.  Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Mere negligence does not constitute deliberate indifference.  *See, Estelle*, 429 U.S. at 106.  At most, the complaint alleges that Plaintiff disagreed with some medical decisions, but mere disagreement with the medical decision is not actionable.  *Estelle*, 429 U.S. at 107–08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

The claims against corrections officers do not allege brutality intentionally causing physical injury.  *See* 42 U.S.C. § 1997e.  Most involve a corrections officer using language that

5

Gunther found offensive. Intentionally insulting language is not actionable under the Eighth Amendment. *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987); *Roden v. Sowders,* 2003 WL 40063 (6th Cir. 2003). Although Plaintiff alleges that he was assaulted on May 24, 2009 and December 22, 2009, Plaintiff does not identify the perpetrators of the assault and does not describe his injuries. With respect to the March 7, 2009 incident, Plaintiff does not allege pain or injury resulting from standing in the cold.

### III. Conclusion

The Court **ADOPTS** the Magistrate Judge's December 1, 2010 Initial Screening Report and Recommendation recommending that Plaintiff's complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and **OVERRULES** Plaintiff's January 13, 2011 objections. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendants. This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

**/s/ Peter C. Economus  -  April 13, 2011**
**UNITED STATES DISTRICT JUDGE**